Good morning, your honors. My name is William Broberg, and I'm here on behalf of the defendant appellant, William Bro, I mean, pardon me, David Taylor. On behalf of Mr. Taylor, thank you very much for hearing me on his behalf. This appeal presents the question of whether the defendant appellant's previous 1986 Arizona attempted armed robbery conviction was properly counted to classify him as a career offender under the federal sentencing guidelines. Mr. Broberg, as I read your brief, it looked to me like you presented a different issue before the Court in your summary of the argument. As I read your brief, you asked, did the district court err in applying the categorical approach based on the interpretation of the Arizona attempt statute in the intermediate appellate court in Arizona against Bristol? Isn't that the issue you want us to decide? Well, the issue, I believe that's a fair statement of the issue. Of course, I wrote it. But I believe it's a question of law whether that previous conviction counts. And what the district court here did was rely on the intermediate appellate court in Arizona's construction in State v. Bristol. And what is the authority you're relying on that this court cannot, the district court, cannot follow an intermediate appellate court's interpretation of its state law? That would be James against the United States. And in that case... Is that what James held? Well, the analysis that the James court used is they had actually a very similar attempt statute in Florida. Very broad language, not qualified like the Nevada statute in the Sarvia case of this court. And the Supreme Court said we first look at the construction of this broad language given by Florida's Supreme Court. And then they looked at how, and actually they... That doesn't preclude looking at intermediate appellate courts. They didn't say we may only look to it. That's where they started because there were Supreme Court cases in that state. In other contexts, for example, in certifying questions to a state court, when we ask the question whether the state has governing law, we rely on intermediate courts and appeals. So why shouldn't we do that here? Well, Your Honor, we, when certifying questions, and I'm not 100% sure in this answer, it seems to me we certify to state Supreme Courts usually. And they may rely on... Yes, but we do that only, well, I'll give you a different context. We have to apply state law when we sit in diversity, and we apply the law of the intermediate court of appeals. That's right. But the state Supreme Court, even when you sit in diversity, is still free to say it's something else later. Of course. Because the law is still in important ways in development until the state Supreme Court passes on it. Well, this case, the Bristow case, is 25 years old, and the Arizona Supreme Court has not said it's wrong. Isn't it the law of Arizona right now? Well, I would submit that that case is a novel construction. I mean, we've got a statute that is very plain on its face. And we know from that case that the legislature was presented with the substantial step language from the model penal code. We also know from that case that the legislature chose different language. But you're arguing that the Arizona intermediate court was wrong. Absolutely. But that doesn't answer the question you posed. Are we required to follow it as the law of Arizona, interpreting an overbroad statute? Well, I think in an instance where you have the Arizona Supreme Court calling things, calling it, there's no definitive construction of this attempt statute. I think at some point a federal court just has to say enough. I have a somewhat different question, and that has to do with the modified categorical approach as applied in this case. It's a very unusual case in that in the judgment itself, your client is required to pay a significant amount of money, I don't remember the exact amount, in restitution. And under the governing statute, restitution happens only when there's been actual harm. So can't we tell from the judgment that there actually was a completed robbery and not just an attempt? Well, we know that that's we certainly I think that is a good argument that the government makes in their supplemental brief. Well, what's wrong with it? Why isn't it a persuasive argument? The problem with it is, is because what we're looking at is the statutes of conviction. And it actually doesn't matter that it was a completed robbery instead of an attempt, because we're dealing with what he was convicted of, which was an attempt. But the point of the modified categorical approach is to allow us to look at facts that are certain, not speculative, but certain. And at a minimum, wouldn't there have to be a substantial step, to go back to the attempt statute, to harm someone enough to require restitution? If we had a plea colloquy transcript, Your Honor, we would know that. What else could the restitution be for, even in theory? Well, in the context of a plea bargain, it could be for anything. We'll amend the charge down if you pay this amount of money. We don't know, as the Supreme Court has said, we need to know. We need judicial records. We need to know that the judge in that state judge in Arizona actually considered, defended, admitted things, and he based a finding on it. And that's what we don't know, because we don't have that record. Well, we do have his statement saying that he committed an actual completed robbery. Well, the problem with that is this Court's Kovach case. I think it's absolutely indistinguishable, first. And second, the Supreme Court in Shepard requires that it be a previous judicial document. This did not come from the Court, that statement. If you look at the second supplemental excerpts of record of the government at page 2, this is from the Arizona Department of Corrections, all of these things. We don't know if the judge had that. And moreover, it's also in the Kovach case layers of hearsay. We have a pre-sentence report where a probation officer, I would assume, is saying, he wrote me a letter. Here's what his letter said. Then the whole thing, and it's a state pre-sentence report. This Court has even found statements in a Federal pre-sentence report not reliable. We don't know anything about that. And moreover, it didn't come from the Court file. Your Honor, may I reserve my remaining time for rebuttal? If my colleagues have no more questions, yes, you certainly may. We'll hear from Ms. Brunner. May it please the Court. My name is Helen Brunner, and I'm here to represent the United States today. Let me just go directly first to the issues that Judge Alarcon raised. I don't believe that there is any case, or at least any case that I could find, that would limit this Court's consideration to what a state supreme court said about its laws versus the interpretation that the law had been given by the intermediate courts. Well, right now we are governed by our own case in Rebelos v. Kaiser or Kaisler. I don't know how to pronounce either of the halves of that, but I know you know which case I'm talking about. Exactly, Your Honor. And it has interpreted Arizona law, and the mandate has not issued. But assuming that it does, without change, we're bound by it, right? We're another three-judge panel. Well, Your Honor, I would suggest to the Court and would argue to the Court that in reading Rebelos, that the language related to the attempt statute, the Arizona attempt statute, is dicta. And the reason I say that, Your Honor, is because in that case the Court addressed whether or not an Arizona conviction for public sexual indecency to a minor or attempt thereof was an aggravated felony. And they gave two answers. But under our back case in Berrapind, as long as this is an actual answer and not just an aside, it's a holding for purposes of binding us. Well, Your Honor, I do – certainly if they were alternative holdings, it would be very clear it would not be dicta. The reason I say that is because once you – once the Court concludes that the substantive offense, here the public sexual indecency to a minor, was broader, it did not need to reach whether or not it had. But that's not the test, whether it had to. A court can give three or four reasons, and as long as they're presented in the case and they're reasoned through to a conclusion, aren't they binding on us? To the extent that they are reasoned further to a conclusion, yes, they are, Your Honor. And if this Court – It's a conclusion. I know you don't agree with the conclusion, but, you know, not only is it broader than this, but it's also broader than attempt. It discusses it. It makes pronouncement about that. I understand what the Court is saying, but I would respectfully suggest that under these circumstances where the case – and I did go back and look at the briefs – this issue was never briefed by the parties. And when I listened to the oral argument, it was only raised for the first time at oral argument, and it's not discussed at any length. And obviously, the government takes the position that FRISTO actually stands for the contrary proposition. But if this Court finds that it is not dicta and we are bound, then I think the only answer here is whether or not under the modified categorical approach, Mr. Taylor's 1986 conviction and the documents, the judicially noticeable documents, are sufficient to establish that he was, in fact, convicted of an attempted crime. Before you go to that issue, I want to stick with the categorical approach and also Rabelis. Did Rabelis reach the issue that's been presented to us by the appellate, and that is, can this Court, or should this Court, rely upon an intermediate appellate court's narrowing the broad language of an Arizona statute? Well, Your Honor, if this Court finds that – or concludes that Rabelis, the language on the attempt statute in Rabelis is not dicta, then I think it at least suggests that this Court could use the intermediate appellate court, because it relies on FRISTO, which is an intermediate appellate court decision. So I have a problem with that as to whether the Court relied upon FRISTO, because what the Court says is Arizona's definition of attempt is satisfied if the defendant intentionally does or omits to do anything which is any step, quoting the statute, in the crime, and they cite the statute, and then they say, see State against FRISTO without discussing State against FRISTO. As I read FRISTO, it says that any step must be interpreted as a substantial step. So that seems to be contrary to what it said. Well, and that is, of course, what the government – why the government is struggling mightily with having the Rabelis decision be controlling here, because I don't – I don't read those two things. I read the FRISTO case the way Your Honor has just suggested. And so, therefore, we are at a bit of an impasse with that. But if I might return to your question, Judge Alarcon, I did look to see whether or not there were any cases. Certainly, there are a number of cases of this Court that talk about decisions that – of the State supreme courts where they're available, but there are an equal number of cases in this categorical, modified categorical analysis area that talk about intermediate courts of appeal and the decisions. So I don't think there's any case that I could find anyway that controls this question – that particular narrow question. In this Court's well-written decision in Sarvia, this Court interpreted what the Nevada Supreme Court said. That's correct. But Nevada does not have an intermediate appellate court. So that issue was not before this Court in Sarvia. That's correct. So in the event that we conclude that Rabelis controls and that the conviction is not a categorical crime, then is remand an option for determination of whether the modified categorical approach should be applied? I didn't catch the first part of your question. If we follow Rabelis. Yes. Okay, which means that the categorical approach is out the window. Exactly. Is remand an option for the district court to apply the modified categorical approach? Certainly, remand is an option, Your Honor. But to be perfectly candid, this is a 1986 conviction, and we did at the time seek as many of the documents as we could possibly find. There would be nothing new that could be added if it were remanded. I don't believe. The only thing that we could possibly hope to get, it would seem to me here, is a transcript of the plea proceeding, and the likelihood of that is very slim. I know, although that's certainly not in the record, I know what effort was made to get these documents in the first instance. What we do have in the record, though, is the judgment as Judge Graber pointed to. Well, what's wrong with counsel's argument that because this was a plea deal, we really don't know for sure as a matter of law or as a matter of certainty what that restitution represents? It could be court costs. It could be any number of things. In theory. In theory. I think what we do know from the records before the court is that he was originally charged with armed robbery, not an attempt. He was allowed to plead to an attempt. That's clear from the records that were before the district court. I think that certainly if it were court costs, I'm not a scholar in Arizona law, but I doubt that it would come within the scope of restitution. Similarly, if he had been, if a fine had been imposed, we would be in a different place. But restitution generally is a payment to the victim for the damages from the crime. But for purposes of the modified categorical approach, can we make those speculative assumptions? Your Honor, I think that this Court can look at the records and make certainly draw whatever conclusions it can reach that are based in the law. I don't know that you argue that we're speculating. Does it depend on specifically what Arizona law permits be included in restitution? Would that help us find the answer to this? I think that that would certainly inform whether or not counsel's argument that this could be just part of a plea bargain. It would be correct. I think under Arizona law, if Arizona law is similar to Federal law in terms of what types of things come within the scope of restitution, it would be very clear that, in fact, the damages were associated with this offense. But you don't know the answer to that? I don't know the answer, Your Honor, and I apologize for that. Well, we don't know the answer either, so that's okay. But that's that, and the defendant's quoted statement from his written statement is really all that is in the record. And if I might, I see I'm out of time. No, you may finish your thought. Just very briefly, what I wanted to point out is that the cases of this Court that deal with pre-sentence reports, and I'm certainly well aware of them, are slightly different in that they are generally talking about pre-sentence reports that are written for the offense, in this case the armed bank robberies of which Mr. Taylor was convicted, and furthermore, I would say that this situation is distinguishable because it is his direct written statement. But it's quoted. It's hearsay of his written statement. Did you have further questions? Yes. Am I correct that the Robiles panel has not yet responded to your motion to amend? That is correct, Your Honor. I looked yesterday, and no order had yet issued. And that matter is pending. I know that the government filed the motion, and the defense has responded to that motion. And your motion is that the portion of the Robiles opinion that discusses attempt should be stricken? Yes, that that was. Which would include this reference to Arizona law in Fristo. That's correct, although I will, for the record, so that I do not mislead this panel, there was not an argument necessarily made in that motion that it was wrongly decided, but rather that it was not an issue. Thank you. Thank you, counsel. You have some rebuttal time. You don't have to use it. You look like you're not sure. I wanted to address just one point about the Robiles case. I think it's important to remember that actually there were two findings of the Board of Immigration Appeals under review there. There were two convictions, and the Board of Immigration Appeals held that the person was excludable under 8 U.S.C. section 101A43A and U. A calls his previous attempted public sexual indecency to a minor a completed crime, and U says he's excludable because it's an attempt. So when asking whether, and I think Your Honor is right, I think it is a holding, but the panel there, when reviewing that decision, is entitled to review and actually had to review both what they found, what the Board of Immigration Appeals found under subsection A and subsection U. And that was the only point I had, if there's any further questions. What was your opposition to the motion to amend? What was the nature of your opposition? Well, it wasn't me. Okay. Same government, different. Okay, different person. Thank you very much. Thank you. The case just argued is submitted, and we appreciate the arguments from both counsel.
judges: Alarcon, Graber, Rawlinson